**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA**, : | |
| : | |
| : | Case No.   14-cr-00378-JMY |
| v.           : | |
| : | |
| **MIGUEL RODRIGUEZ-COLLAZO**, : | |

<u>**MEMORANDUM**</u>

**YOUNGE, J.**                                                                                                         **MAY 4, 2020**

This matter is before the Court on the motion of Defendant Miguel Rodriguez-Collazo for compassionate release due to the coronavirus ("COVID-19") pandemic ("Mot.," ECF No. 27).  Plaintiff United States of America (the, "Government") opposes the Motion ("Opp.," ECF No. 30).  For the reasons discussed below, Defendant's Motion will be denied *without prejudice*.

**I.      BACKGROUND**

On October 21, 2014, Defendant pleaded guilty to one count of possession with intent to distribute 1 kilogram or more of heroin, in violation of 21 U.S.C. § 841(a), (b)(1)(A).  (*See* ECF Nos. 1 (Indictment), 18 (Minute Entry).)  On January 23, 2015, Defendant was sentenced to 120 months of imprisonment and five years of supervised release.  (*See* ECF Nos. 24 (Minute Entry), 25 (Judgment).)  Defendant is serving his sentence at Elkton Federal Correctional Institution ("Elkton FCI"), with an anticipated release date of December 16, 2022.  (Mot. ¶¶ 3, 5.)  The Court takes judicial notice that there is currently an outbreak of COVID-19 at Elkton FCI.  *See* Bureau of Prisons ("BOP") COVID-19 Cases, https://www.bop.gov/coronavirus/ (last visited May 4, 2020) (noting that, to date, there are 65 inmates positive, 49 staff positive, and 7 inmate deaths).

On April 29, 2020, Defendant filed his Motion stating that "[b]y virtue of [his] recent pneumonia diagnosis, [Defendant] may be at peril of becoming a casualty of this unprecedented crisis [and to] prevent that disaster his release on condition of home confinement is warranted under 18 U.S.C. § 3145."  (Mot. ¶ 36; *see also id*. ¶¶ 5, 8 (citing 18 U.S.C. §§ 3142, 3143).) Defendant argues that his age (56 years old) and his "history and increased risk of respiratory complications, should he become ill, make him a medically compromised person who falls within the category of higher risk individuals most susceptible to severe illness and/or death from COVID-19."  (*Id*. ¶ 26.)  Furthermore, Defendant contends that an unreasonable risk of contracting COVID-19 constitutes an Eighth Amendment violation, and failure to release him in light of such risk violates his due process rights under the Fifth Amendment.  (*See id*. ¶¶ 37, 39, 44).  The Government responds that the Motion "should be denied without prejudice to [Defendant's] ability to seek a different remedy as permitted by law."  (Opp. at 2.)  The Government points out that the statutes under which Defendant has moved (*i.e.*, the Bail Reform Act) "are inapplicable in this case" as Defendant "is a sentenced prisoner, who is serving a final sentence[,]" and that "[s]uch a sentence may only be adjusted on the basis of the limited remedies set forth in 18 U.S.C. § 3582(c)."  (*Id*. at 1-2.)  The Government also contends that under the applicable statute, Defendant has failed to exhaust his administrative remedies and that such exhaustion is mandatory.  (*Id*. at 2 (citing *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020)).)

**II.    DISCUSSION**

      A.    *The Court Lacks Authority to Grant Defendant Release to Home Confinement Under 18 U.S.C. § 3145(c)*

Defendant seeks release from Elkton FCI to home confinement under 18 U.S.C. § 3145(c), a provision which authorizes temporary release for individuals pending sentencing

who are "not likely to flee or pose a danger to the safety of any other person or the community if released" upon a "clear[] show[ing]" of "exceptional reasons why such person's detention would not be appropriate." *See* 18 U.S.C. §§ 3143(a)(1), 3145(c).  By its very terms, the statute authorizes a district court to grant bail only if a person is "awaiting imposition or execution of sentence." 18 U.S.C. § 3143(a).  Thus, upon sentencing Defendant on January 23, 2015, and remanding him immediately to the BOP's custody, the Court lost its authority to grant bail with release to home confinement under § 3143(a) and, by extension, § 3145(c).  Therefore, given that the Court has already indisputably imposed Defendant's sentence, and that Defendant's sentence has already been executed, the Court cannot grant Defendant the relief he seeks under this statute.  *See*, *e.g.*, *United States v. Nkanga-Nkanga*, No. 18-cr-713, 2020 WL 1529535, at *3 (S.D.N.Y. Mar. 31, 2020) (concluding that the court is powerless under Section 3145 because the defendant is not "awaiting imposition or execution of a sentence"); *United States v. Hernandez*, No. 19-cr-834, 2020 WL 1445851, at *1 (S.D.N.Y. Mar. 25, 2020) ("The statute authorizing the temporary release of defendants awaiting trial or sentence . . . does not apply to sentenced defendants."); *see also United States v. Oladimu*, No. 1-cr-10198, 2020 WL 1536635, at *1 (D. Mass. Mar. 31, 2020) (noting that the statute "is not directly applicable as [d]efendant is awaiting an [a]mended [j]udgment modifying his sentence, not imposition of a sentence in the first instance").  Moreover, the cases cited by Defendant in which release was granted under § 3145(c) are inapplicable to the instant action given that each defendant in those decisions had yet to proceed to sentencing.  (*See* Mot. ¶ 35 (citing *United States v. Roman*, No. 19-cr-116, 2020 WL 1908665 (S.D.N.Y. Mar. 27, 2020) and *United States v. Harris*, No. 19-356, 2020 WL 1503444 (D.D.C. Mar. 27, 2020)).)  Accordingly, Defendant is no longer subject to the

provisions of the Bail Reform Act; therefore, this Court lacks the authority to order his release under 18 U.S.C. § 3145(c).

      B.    *Exhaustion of the BOP's Administrative Process Under 18 U.S.C. § 3582*

Effective December 21, 2018, the First Step Act amended 18 U.S.C. § 3582(c)(1)(A) to allow prisoners to directly petition courts for compassionate release. The amendment provides prisoners with two direct routes to court: (1) file a motion after "fully exhaust[ing] all administrative rights to appeal a failure of the [BOP] to bring a motion on defendant's behalf[,]" or (2) file a motion after "the lapse of 30 days from the receipt of such a request" by the warden of the facility in which the prisoner is confined without a response from the warden. 18 U.S.C. § 3582(c)(1)(A). The Third Circuit Court of Appeals has determined that the exhaustion requirement is mandatory and that failure to exhaust "presents a glaring roadblock foreclosing compassionate release[.]" *Raia*, 954 F.3d at 587. In so ruling, the Third Circuit explained:

> We do not mean to minimize the risks that COVID-19 poses in the federal prison system, particularly for inmates like Raia. But the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread. Given BOP's shared desire for a safe and healthy prison environment, we conclude that strict compliance with [18 U.S.C.] § 3582(c)(1)(A)'s exhaustion requirement takes on added—and critical—importance. And given the Attorney General's directive that BOP prioritize the use of [its] various statutory authorities to grant home confinement for inmates seeking transfer in connection with the ongoing COVID-19 pandemic, we anticipate that the statutory requirement will be speedily dispatched in cases like this one. So we will deny Raia's motion.

*Id*. (internal quotation marks and citations omitted).

The Court concludes here that Defendant has not exhausted his administrative remedies with respect to his Motion. Particularly, Defendant fails to generally address the exhaustion

requirement in his Motion, and he fails to specifically discuss any outreach efforts he has made to the warden at FCI Elkton or why exhaustion should be waived notwithstanding *Raia*. We are bound by the Third Circuit's holding in *Raia* and, thus, absent a showing of exhaustion, the Court is without jurisdiction to rule on Defendant's request for compassionate release under 18 U.S.C. § 3582.[1]  *See United States v. Wilson*, No. 14-cr-209, 2020 WL 1975082, at *3-4 (E.D. Pa. Apr. 24, 2020) (denying compassionate release for failure to exhaust); *see also United States v. Jemal*, No. 15-cr-570, 2020 WL 1701706, at *3 (E.D. Pa. Apr. 8, 2020) (deferring ruling on compassionate release motion as the defendant did not wait 30 days after petitioning BOP for compassionate release and did not exhaust administrative remedies).

Even so, if the Court were to find the exhaustion requirement satisfied *and* find that compassionate release was warranted, which it does not at this time, the Court would still be without authority to modify Defendant's sentence as he requests (*i.e.*, home confinement), because that authority rests solely with the BOP. *See Tapia v. United States*, 564 U.S. 319, 331 (2011) (holding "[w]hen a court sentences a federal offender the BOP has plenary control, subject to statutory constraints, over the placement of the prisoner's imprisonment, [18 U.S.C.] § 3631(b)"); *see also*, *e.g.*, *United States v. Curry*, No. 6-cr-82, 2019 WL 508067, at *1 (E.D. Ky. Feb. 8, 2019) ("Because the First Step Act gives the Attorney General [or the BOP by designation of the Attorney General] the discretion to determine when home confinement is appropriate, this Court does not have the authority to grant [home confinement]."); *see also*

---

[1] The Court acknowledges the Third Circuit's directive of "strict compliance with § 3582(c)(1)(A)'s exhaustion requirement[,]" *Raia*, 954 F.3d at 597; however, the Court also recognizes that a number of district courts have concluded that this requirement is not absolute, therefore justifying an exception in the unique exigent circumstances presented by the COVID-19 pandemic. *See*, *e.g.*, *United States v. Zukerman*, No. 16-cr-194, 2020 WL 1659880, at *3 (S.D.N.Y. Apr. 3, 2020) (waiving exhaustion requirement in light of COVID-19); *United States v. Sanchez*, No. 18-cr-140, 2020 WL 1933815 (D. Conn. Apr. 22, 2020) (same).

*United States v. Smith*, No. 15-cr-19, 2020 WL 2063417, at *3 (N.D. Ohio Apr. 29, 2020) (denying compassionate release and finding that district courts generally lack authority to provide release to home confinement under the statute); *United States v. Eberhart*, No. 13-cr-313, 2020 WL 1450745, at *3 (N.D. Cal. Mar. 25, 2020) (holding that the court is without authority to grant a prisoner's request to specify a particular place of confinement); *United States v. Brown*, No. 16-cr-553, 2020 WL 1479129, at *1 (D. Md. Mar. 26, 2020) (noting that it "is inherently the authority of the [BOP] to transfer an inmate to home confinement").  Lastly, the Court notes that the BOP has "begun immediately reviewing all inmates who have COVID-19 risk factors, as described by the CDC, . . . to determine which inmates [at Elkton FCI] are suitable for home confinement."  BOP Update on COVID-19 and Home Confinement, https://www.bop.gov/resources/news/20200405_covid19_home_confinement.jsp (last visited May 4, 2020).

      C.    *Defendant's Constitutional Claims*

In addition to his arguments for compassionate release under 18 U.S.C. § 3145, Defendant asserts two grounds for relief based on constitutional claims.  (*See* Mot. ¶¶ 37-47.) Defendant contends that the current conditions at Elkton FCI violate his Fifth and Eighth Amendment rights.  (*Id.*)  However, these claims—which the Court construes as challenging the execution of his sentence at Elkton FCI—are not properly brought in a motion for compassionate release, and this Court does not have jurisdiction to consider them.  Such claims must be brought as ones for habeas corpus relief in the jurisdiction where he is confined.  *See Wilson v. Williams*, No. 20-794, 2020 WL 1940882, at *6 (N.D. Ohio April 22, 2020) ("Petitioners do not seek a commutation of their sentences, but rather to serve their sentences in home confinement, parole, or in half-way houses at least until the risk of the virus has abated.  This claim is closer to a

challenge to the manner in which the sentence is served and is therefore cognizable under 28 U.S.C. § 2241."); *Cardona v. Bledsoe*, 681 F.3d 533, 536 (3d Cir. 2012) (holding that § 2241 is appropriate for claims challenging the execution or manner in which the sentence is served); *see also United States v. Johnson*, 624 F. Supp. 1191, 1195 (E.D. Pa. 1986) ("A habeas petition, however, must be filed in the district in which there is jurisdiction over the prisoner or his custodian."). The Court also notes that Defendant may file or join a petition challenging the same in the district of his confinement. *See*, *e.g.*, *Wilson*, at *1 ("On April 13, 2020, Petitioners, inmates at Elkton FCI, brought this emergency habeas action [asserting an Eighth Amendment violation and] seeking release from Elkton due to the spread of COVID-19 within the prison.").

## III. CONCLUSION

For the foregoing reasons, Defendant's Motion is denied. The Court's decision is *without prejudice* to Defendant's right to file a second motion for compassionate release if warranted by the law as stated in this Memorandum. An appropriate Order follows.

**IT IS SO ORDERED.**

                                      **BY THE COURT:**

                                      /s/ John Milton Younge

                                      **Judge John Milton Younge**